**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SAMANTHA ALEXANDER, | ) | CASE NO. 5:12CV2693 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Vernelis K. Armstrong (Doc. No. 17) with respect to plaintiff's request for judicial review of defendant's denial of her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act and supplemental security income ("SSI") under Title XVI of the Act. The R&R recommends that the Court affirm the Commissioner's decision. Plaintiff has filed objections to the R&R (Doc. No. 18), and defendant has filed a response to the objections (Doc. No. 19). Upon *de novo* review and for the reasons set forth below, the Court hereby overrules plaintiff's objections, affirms the Commissioner's decision, and dismisses this case.

## I. PROCEDURAL BACKGROUND

The record of the administrative proceedings (Doc. No. 10 ["Tr."]) reveals the following procedural background, which is unchallenged by plaintiff's objections. On January 8, 2010, plaintiff filed applications for DIB and SSI, alleging disability onset as of November 1, 2009. (Tr. 203-204, 210-213.)[1] The applications were denied initially (Tr. 168-71; 172-74) and

[1] All page citations are to the Page ID# assigned by CMECF.

upon reconsideration (Tr. 182-84; 189-91). At plaintiff's request, a hearing was conducted on April 12, 2011 by an Administrative Law Judge ("ALJ"). Plaintiff appeared and testified, represented by counsel. A Vocational Expert ("VE") also testified. (*See* Transcript of Hearing, Tr. 89-128.) On May 6, 2011, the ALJ issued his ruling, determining that plaintiff was not entitled to the benefits sought. (Tr. 69-83.) This decision became final when the Appeals Council denied review. (Tr. 52-54.) Plaintiff timely filed a complaint in this Court seeking judicial review. (Doc. No. 1.)

**II. FACTUAL BACKGROUND**

Plaintiff is a high school graduate. At the time of the hearing before the ALJ, she was 23 years old and resided with her brother, his wife and their daughter, although she testified that she was able to live on her own, provided she were "careful." (Tr. 93-95.) In return for her room and board, plaintiff cared for her niece four days a week from 9:00 AM to 5:00 PM. (Tr. 102-03.)

Plaintiff had a commercial truck driver's license and was once a cross-country, over-the-road driver, typically driving 11-hour stretches, with breaks. Other than her driving, plaintiff had obtained work through a temporary agency, where she did many different jobs. Among these temporary jobs were stints at Target (where she unloaded trucks and stocked shelves), at Rubbermaid (where she stood while assembling bowls and lids into 25-pound packages), at McDonald's (where she was a crew leader/trainer and performed every task from cooking to stocking the products), and at Steak 'n Shake (where she performed duties similar to those at McDonald's). (Tr. 97-102.)

In October 2009, plaintiff was diagnosed with multiple sclerosis ("MS") (Tr. 106), a disorder of the central nervous system. She complained of many different symptoms at

various times, including shooting pains in her head, tingling and numbness in her legs and back, painful buttocks, a dropping face (which has improved), constantly cold hands, sensation problems from her neck down, and inability to feel her bladder filling up. (Tr. 106-09.) She has difficulty walking and has been advised by her doctor to use a cane; however, she refuses to do so because of pride. (Tr. 107-08.)

Plaintiff suffers from depression and has a history of cutting herself, going back to age 13. She also admits to having thoughts of suicide. She sees a psychiatrist and has been prescribed medicines to manage her mental health conditions. (Tr. 110-11.)

Plaintiff asserts that one of her biggest problems is standing, although she also is in pain while sitting. (Tr. 113-14.) As a result, she tries to "keep moving" to reduce the pain. She also experiences vertigo, which causes vomiting and a feeling that she is spinning. She manages the vertigo with medication. (Tr. 114-15.)

**III. THE ALJ'S FINDINGS**

Following the five-step sequential evaluation process prescribed by the regulations promulgated under the Social Security Act (20 C.F.R. §§ 404.1520(a), 416.920(a)), the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2014.

2. The claimant has not engaged in substantial gainful activity since November 1, 2009, the alleged onset date.

3. The claimant has the following severe impairments: multiple sclerosis (MS), vertigo, and an affective disorder.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) – including the abilities to lift and/or carry up to 20 pounds occasionally and up to 10 pounds frequently, to stand and/or walk with normal breaks for a total of about 6 hours in an 8-hour workday, and to sit with normal breaks for a total of about 6 hours in an 8-hour workday – except that she is further limited as follows:
   - Can occasionally climb ramps and stairs;
   - Can never climb ladders, ropes, or scaffolds;
   - Must avoid all exposure to hazardous machinery and heights;
   - Due to mental limitations, can handle simple, but not complex instruction;
   - Can supervise others, but would be most comfortable working alone; and
   - Is limited to work in a low-stress environment – *i.e.*, involving brief and superficial contact with others, in a routine setting, without demands for meeting strict time and performance standards.

6. The claimant is unable to perform any past relevant work.

7. The claimant was born on xxxx, 1987 and was 22 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from November 1, 2009, through the date of this decision.

(Tr. 72-83, birthdate redacted; internal citations omitted.)

## IV. DISCUSSION

### A. Standard of Review

This Court's review of the Magistrate Judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). It is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Stanley v. Sec'y of Health & Human Servs.*, 393 F.3d 115, 117 (6th Cir. 1994)).

If there is substantial evidence to support the defendant's decision, it must be affirmed even if the reviewing court might have resolved any issues of fact differently and even if the record could also support a decision in plaintiff's favor. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986).

### B. Plaintiff's Objections

#### 1. Conclusion of R&R Regarding RFC

The R&R concludes that "[s]ubstantial evidence supports the ALJ's residual functional capacity ["RFC"] finding [for restriction to light work] to the extent that it includes what [p]laintiff can do even with symptoms of dizziness and vertigo." (R&R at 593.) In

particular, "the ALJ drew a reasonable conclusion that when she took the medicine, [p]laintiff's symptoms, including vertigo and dizziness, were relieved." (*Id.*)

Plaintiff challenges this conclusion, asserting that it was error to find that she is capable of standing for six (6) hours in an eight (8) hour work day, as required by an RFC for light duty work. She argues that the medical evidence supports a need to incorporate at least a sit/stand option at her discretion, if not a greater limitation that she be permitted to sit for the majority of the day. She points to the fact that the VE testified that a sit/stand option would eliminate all light duty positions. (Objections at 597 [citing Tr. 75-76].)

Plaintiff claims that the ALJ properly found her vertigo to be a severe impairment, but then did not incorporate any limitations relating to vertigo into the RFC findings. Plaintiff argues that this is reversible error. (Objections at 597-98.)

Upon de novo review, the Court overrules this objection. The ALJ properly concluded that, based on plaintiff's own testimony,

> her prescribed Meclizine medication has sufficiently controlled her vertigo and dizziness, which testimony is consistent with what she told Dr. Sheppard on June 4, 2010 (Ex. 8F/7 [no vertigo for the last few weeks]); and on October 6, 2010 (Ex. 18F/6 [denies any dizziness, vertigo is much better since physical therapy ordered by primary care physician, only occasionally has to take Meclizine]).

(Tr. 77.) Since no "treating source [had] provided a formal opinion as to the [plaintiff's] functional limitations resulting from her MS and vertigo," (Tr. 78), the ALJ considered the opinions of two medical consultants who reviewed her file on behalf of the Ohio Bureau of Disability Determination. Both Dr. W. Jerry McCloud and Dr. Nick Albert found plaintiff capable of the full range of light work. The ALJ, however, ultimately concluded that plaintiff was capable of light work, but in a reduced range, as described in his finding number 5. (*Id.*)

The Court concludes that there was substantial evidence to support the findings of the Commissioner with respect to plaintiff's RFC. Therefore, this objection is overruled.

**2. Failure to Incorporate Limitations From Mental Health Impairments**

The R&R also concludes that "the ALJ considered the relevant evidence regarding [p]laintiff's mental impairment in assessing residual functional capacity and that substantial evidence supports his conclusions." (*Id*. at 594.)

Plaintiff challenges this conclusion, arguing that the record shows that she engages in extreme acting-out behaviors that were not properly accounted for by the ALJ. She also has a history of cutting herself, and has been treated for depression and suicidal ideation. Plaintiff argues that the ALJ did not consider that plaintiff decompensates at times and is not able to attend work on a "regular and continuing basis," as required under 20 C.F.R. § 404.1545.

The ALJ acknowledged plaintiff's "history of depression with suicidal thoughts and attempts . . . , and [that] she has engaged in self-mutilation by cutting herself since the age of thirteen." (Tr. 78.) He outlined all of her mental health care and concluded: "[t]he objective evidence does establish a severe mental impairment, but there is no indication that it causes greater or additional functional limitations than those incorporated into the residual functional capacity set forth above." (Tr. 79.) Even "very recent psychiatric evaluation simply does not evidence any further mental limitations than those found at the time of her hearing and that are incorporated into her residual functional capacity." (Tr. 80.) The ALJ concluded that "moderate limitations in social functioning are indeed appropriate," and that treatment notes "establish the additional limitation for work in a low stress environment[.]" (*Id.*)

Again, this Court concludes that there was substantial record evidence to support the findings of the ALJ with respect to the impact of plaintiff's mental impairments on her RFC. Accordingly, this objection is overruled.

## V. CONCLUSION

For the reasons set forth herein, the R&R is hereby accepted and plaintiff's objections are overruled. The decision of the Commissioner to deny plaintiff's claims for disability insurance benefits and supplemental security income is affirmed and this case is dismissed.

**IT IS SO ORDERED**.

Dated: March 17, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**